# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re: Nexium (Esomeprazole Magnesium) Antitrust Litigation* | |
| MDL No. 2409 pending in Massachusetts | Miscellaneous Action No. |
| Civil Action No. 1:12-md-02409-WGY (D. Mass.) | |

## MOTION OF JEFFREY A. POTT TO QUASH
## SUBPOENA TO APPEAR AND TESTIFY AT TRIAL

Jeffrey A. Pott, global General Counsel for Defendant AstraZeneca, respectfully moves pursuant to Federal Rules of Civil Procedure 45 and 43 to quash a trial subpoena served on him by Plaintiffs in the *In re: Nexium (Esomeprazole Magnesium) Antitrust Litigation* MDL pending in the United States District Court for the District of Massachusetts. *See* No. 1:12-md-02409-WGY. The subpoena purports to require Mr. Pott to travel to the Philadelphia courthouse on the first day of trial in the *Nexium* matter and to remain there until, at some point during the anticipated six-week trial in Boston, he is called to testify by Plaintiffs via remote video transmission.[1] Mr. Pott moves to quash the subpoena on the grounds that (1) Plaintiffs have not shown "good cause in compelling circumstances" as required by Rule of Civil Procedure 43(a) to compel his testimony from a remote location; and (2) it unduly burdens him in violation of Rule of Civil Procedure 45(d)(1).

A supporting memorandum of law and proposed Order are attached.

---

[1] After the subpoena issued, the district court rescheduled the trial's start date from October 6, 2014 to October 20, 2014.

Dated:  September 17, 2014

Respectfully submitted,

/s/ Michael P. Kelly

MCCARTER & ENGLISH, LLP
Michael P. Kelly
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Ph: 302-984-6301
Fax: 302-984-2493
mkelly@mccarter.com

Joshua Roberts
BNY Mellon Center, Suite 700
1735 Market Street
Philadelphia, PA 19103

WILLIAMS & CONNOLLY LLP
Dane H. Butswinkas (Of Counsel)
John E. Schmidtlein (Of Counsel)
Paul B. Gaffney (Of Counsel)
725 Twelfth Street, N.W.
Washington, DC 20005
Ph: 202-434-5000
Fax: 202-434-5029
DButswinkas@wc.com
JSchmidtlein@wc.com
PGaffney@wc.com

*Counsel for Jeffrey A. Pott, AstraZeneca LP,*
*AstraZeneca AB, and Aktiebolaget Hässle*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re: Nexium (Esomeprazole Magnesium) Antitrust Litigation*<br><br>MDL No. 2409 pending in Massachusetts<br><br>Civil Action No. 1:12-md-02409-WGY (D. Mass.) | Miscellaneous Action No. |

### MEMORANDUM IN SUPPORT OF MOTION OF JEFFREY A. POTT TO QUASH SUBPOENA TO APPEAR AND TESTIFY AT TRIAL

Jeffrey A. Pott, global General Counsel for Defendant AstraZeneca, moves to quash a subpoena served on him by Plaintiffs on August 30, 2014. *See* Ex. 1 (Subpoena to J. Pott). The subpoena calls for Mr. Pott to appear at the federal courthouse in Philadelphia beginning on October 6, 2014, and, at some unspecified point thereafter to offer live trial testimony via remote video transmission in a proceeding—*In re: Nexium (Esomeprazole Magnesium) Antitrust Litigation*, No. 1:12-md-02409-WGY—taking place contemporaneously in federal court in Boston.[1] Rule of Civil Procedure 43(a) permits such a radical departure from the well-settled conventions of trial practice only when there is "good cause in compelling circumstances." Plaintiffs do not come close to meeting that standard—Plaintiffs were free to obtain testimony from Mr. Pott during the MDL's fact discovery period, but elected not to depose him.

### BACKGROUND

The *In re Nexium* MDL consists of class actions and other lawsuits coordinated before Judge William G. Young of the District of Massachusetts. Plaintiffs bring federal and state antitrust claims challenging patent settlements between AstraZeneca and three generic

---

[1] After the subpoena issued, the district court rescheduled the trial's start date from October 6, 2014 to October 20, 2014.

pharmaceutical manufacturers (Ranbaxy, Teva, and Dr. Reddy's) involving the drug Nexium. Nexium is the brand name for esomeprazole magnesium, a "proton-pump inhibitor" that treats gastrointestinal disorders. With Food and Drug Administration's approval, AstraZeneca has marketed esomeprazole magnesium under the name Nexium since 2001. In 2005 and 2006, Ranbaxy, Teva, and Dr. Reddy's sought permission from FDA to market generic versions of Nexium before the expiration of numerous AstraZeneca patents. Pursuant to federal law, Ranbaxy, Teva, and Dr. Reddy's filed certifications asserting that their proposed versions of generic Nexium would not infringe any valid patent for AstraZeneca's brand Nexium. In response, AstraZeneca filed separate patent infringement lawsuits against the generic manufacturers, which the parties later settled. Under the terms of the settlements, Ranbaxy, Teva, and Dr. Reddy's each agreed to accept licensing agreements permitting them to launch their proposed generic Nexium before AstraZeneca's patents expired.

Plaintiffs sued more than four years after the settlements were entered into and approved. They allege the settlements contained impermissible "reverse payments" in violation of federal and state antitrust laws, *see FTC v. Actavis, Inc.*, 133 S. Ct. 2223, 2227 (2013), and delayed market entry of generic Nexium, thereby causing them to pay supracompetitive prices for brand Nexium. The Judicial Panel on Multidistrict Litigation transferred the cases to Judge Young in 2012. Trial is now scheduled to begin on October 20, 2014.

Earlier this year, Plaintiffs filed in the MDL Court a Motion for Live Trial Testimony via Contemporaneous Transmission [ECF No. 830]. Plaintiffs sought from Judge Young relief that was unorthodox, to say the least: an order under Rules of Civil Procedure 43(a) and 45 compelling witnesses Plaintiffs desired to call at trial, who they could not subpoena to testify in Boston, to appear at courthouses around the country for live trial testimony by remote video

2

transmission.  Plaintiffs sought this relief even though they had secured the videotaped depositions of nineteen witnesses during discovery, understood that all of the witnesses in the case did not reside within the subpoena power of the trial court, and at no point had suggested those depositions were insufficient for trial or that Plaintiffs had been limited in obtaining deposition testimony from other, or more relevant witnesses.  The clerk's notes from the hearing reflect that Judge Young granted the motion.  Ex. 2 (7/17/14 Clerk's Notes and Order).  Judge Young did not, however, compel the remote testimony of any witnesses or enter a protocol for such testimony submitted by Plaintiffs.  Judge Young instead advised the parties from the bench that "the burden is entirely on the plaintiffs.  Don't think I'm going to bat in some other court and our video hookups go court to court.  The burden is entirely on you." Ex. 3 (7/11/14 Tr. at 26, 30-31).

     In advance of the October 6 (now October 20) trial date Plaintiffs have served more than a dozen non-party subpoenas calling for live trial testimony via remote video transmission. Plaintiffs served Mr. Pott, who is AstraZeneca's global General Counsel and whom Plaintiffs chose not to depose during discovery.  The subpoena calls for him to appear at the federal courthouse in Philadelphia on the first day of trial, and to return there every day until he is called to testify and his remote testimony is complete.

## ARGUMENT

## I.  PLAINTIFFS HAVE NOT SHOWN "GOOD CAUSE IN COMPELLING CIRCUMSTANCES" FOR THE EXTRAORDINARY RELIEF THEY SEEK.

     Rule of Civil Procedure 45(c)(1) sets forth the manner and circumstances in which parties generally may secure live trial testimony from witnesses.  It provides that "a subpoena may command a person to attend a trial  . . . only" if the trial court is "within 100 miles of" or, in certain circumstances, "within the state[,] where the person resides, is employed, or regularly

transacts business in person." Fed. R. Civ. P. 45(c)(1).  If a witness is outside the trial court's

subpoena power, a party may, in lieu of live testimony, play the videotape (or read the transcript)

of the witness's deposition testimony instead.  *See* Fed. R. Civ. P. 32(a)(1), (4).  These basic

rules of practice are applied every day by district courts around the country in both the most

simple and complex of cases, and there is no reason they should not apply here.  Mr. Pott lives in

Pennsylvania and works in Delaware; as such, he indisputably is outside the subpoena power of

the District of Massachusetts and cannot be compelled to present live testimony in a trial taking

place in that District.

Plaintiffs seek to circumvent these Rules by asking the Court to invoke a narrow (and

rarely applied) exception set forth in Rule of Civil Procedure 43(a).  Rule 43(a) provides that,

"[f]or good cause shown in compelling circumstances and with appropriate safeguards, the court

may permit testimony in open court by contemporaneous transmission from a different location."

The advisory committee notes to Rule 43 explain what does—and as particularly relevant here,

what does not—constitute "good cause in compelling circumstances."  "The most persuasive

showings . . . are most likely to arise when a witness is unable to attend trial for unexpected

reasons, such as accident or illness, but remains able to testify from a different place."  Fed. R.

Civ. P. 43(a) advisory committee notes (1996 amendment).  "An unforeseen need for the

testimony of a remote witness that arises during trial . . . may [also] establish good cause and

compelling circumstances."  *Id.*  The advisory committee warned expressly that "[o]ther possible

justifications for remote transmission must be approached cautiously," *id.*, and that "[a] party

who could reasonably foresee the circumstances offered to justify transmission of testimony will

have special difficulty in [making the requisite] showing."  *Id.; see also Garza-Castillo v.*

*Guajardo-Ochoa*, No. 2:10-cv-00359-LDG, 2012 WL 15220, at *1 (D. Nev. Jan. 4, 2012) ("The

4

commentary makes clear that compelling circumstances will generally refer to unexpected circumstances.").

Here, the reasons or circumstances that preclude Mr. Pott from appearing at trial in Boston are not "*unexpected*" or "*unforeseen*." Far from it. It has never been lost on Plaintiffs that Mr. Pott was a potential witness and one who was outside the subpoena power of the trial court. The witnesses in this case have been known for over a year—in fact, the AstraZeneca Defendants identified Mr. Pott as an "Individual[] Likely to Have Discoverable Information" in their Rule 26(a)(1) disclosures (which were served in February 2013, seven months before fact discovery closed). Ex. 4 (Rule 26(a)(1) Initial Disclosures of the AstraZeneca Defendants at 2, 6). Other AstraZeneca witnesses who were deposed long ago explained Mr. Pott's role in the negotiation of the settlements at issue. And, indeed, AstraZeneca produced during discovery a transcript of an investigational hearing of Mr. Pott conducted by the Federal Trade Commission ("FTC") in connection with an FTC investigation of the same issues (which has resulted in no complaint filed against any of the Defendants in the present case). Plaintiffs further have known from the outset of this litigation that none of the AstraZeneca Defendants is headquartered in or near Massachusetts and that AstraZeneca's witnesses do not reside in the District of Massachusetts or within 100 miles of the court.

Notwithstanding all of this, and notwithstanding Rule 43's express preference for videotaped depositions to remote transmissions, Plaintiffs chose not to depose Mr. Pott so that his testimony would be preserved for trial. *See* Fed. R. Civ. P. 43(a) advisory committee notes (1996 amendment) ("Ordinarily depositions, including video depositions, provide a superior

means of securing the testimony of a witness who is beyond the reach of a trial subpoena.").[2]

That Plaintiffs in hindsight regret that decision cannot be remedied by Rule 43(a).  *See Eller v.*

*Trans Union, LLC*, 739 F.3d 467, 478 (10th Cir. 2013) (Plaintiff "proffered no 'unexpected

reason' for [witness's] absence from trial. . . .  [Plaintiff] knew well in advance of trial that

[witness] was based in Portland, Oregon, and he could have made arrangements ahead of time

for introducing [witness's] testimony, by deposition for instance."); *Garza-Castillo*, 2012 WL

15220, at *1-2 ("Given that more than a year has passed since Guajardo-Ochoa first became

aware that it may be impossible for her mother and brother to travel to the United States to testify

in court in her defense, and given that nearly a full year has passed in which she could have

secured the testimony of her mother and brother by deposition (including video deposition), the

Court cannot agree she has shown good cause *in compelling circumstances*.") (emphasis in

original).[3]

     Nor does it satisfy Rule 43 that Plaintiffs themselves may have a preference for live

testimony to videotaped testimony.  If a mere preference for live testimony satisfied the standard,

then the standard would mean nothing at all—remote testimony by live video feed could occur in

any case upon any party's election.  But Plaintiffs' burden is not so light: "[W]hen the federal

rule states a court may permit contemporaneous transmission 'for good cause in compelling

---

[2] *Accord Matovski*, 2007 WL 1575253, at *2 ("The Notes to Rule 43 describe deposition testimony as 'superior' to contemporaneous transmission.").

[3] *Accord Air Turbine Technology, Inc. v. Atlas Copco AB*, 217 F.R.D. 545, 546–47 (S.D. Fla. 2003) (alternatively ruling that Rule 43(a) not satisfied where "Plaintiff has known from the early stages of this case that witnesses from outside of the United States would be testifying about the trial" and "depositions of the witnesses in question have been taken"), *aff'd*, 410 F.3d 701, 714 (Fed. Cir. 2005); *Matovski v. Matovski*, No. 06 Civ. 4259 (PKC), 2007 WL 1575253, at *3 (S.D.N.Y. May 31, 2007) ("The burden to the 8 witnesses has been known to petitioner from the inception of this proceeding.  There is nothing 'unexpected' or 'compelling.'  The application to have the 8 witnesses testify via contemporaneous transmission is denied.").

circumstances' the rule really means 'for good cause in compelling circumstances.'" *Niemeyer v. Ford Motor Co.*, No. 2:09-CV-2091 JCM (PAL), 2012 WL 5199145, at *2 (D. Nev. Oct. 18, 2012); *see Roundtree v. Chase Bank USA, N.A.*, No. 13-239 MJP, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014) (Rule 43(a) permits contemporaneous transmission "under exceptional circumstances").

Mr. Pott should not be compelled to appear in Philadelphia to offer remote video testimony in a Boston trial.

## II. PLAINTIFFS' SUBPOENA OVERLY AND UNNECESSARILY BURDENS THE COURT.

If not quashed, Plaintiffs' subpoena will impose a significant burden on this Court and interrupt its normal course of operations. Plaintiffs will require here, in this courthouse, a dedicated courtroom with an elaborate setup—equipment for two-way audio-video transmission, cameras, laptops, monitors, phones, and headsets or headphones. A courtroom deputy must be provided and a court reporter procured; additional personnel may be diverted from their typical duties to ensure outsiders do not access the courtroom or interfere with the proceedings.

Plaintiffs will require these accommodations for a substantial part, if not all, of the six-week trial. The courthouse, in fact, will be crawling with Nexium trial witnesses, as Plaintiffs have subpoenaed at least six witnesses associated with AstraZeneca in addition to Mr. Pott (and numerous additional witnesses associated with the other defendants) to testify by remote transmission in this District. Plaintiffs have done so indiscriminately, without making any effort to prioritize their requests or mitigate the burden on this Court. And as intrusive and disruptive as all of this would be if confined to this single case, it would pale in comparison to the potential long-term interruption in the business of this District if Plaintiffs—based on this record—are

deemed to satisfy the "good cause in compelling circumstances" standard and testimony by remote video link becomes so easily obtainable by other parties here.

## III.   PLAINTIFFS' SUBPOENA UNDULY BURDENS MR. POTT.

Plaintiffs' subpoena to Mr. Pott fails for an additional reason—it "subjects" him "to undue burden." Fed. R. Civ. P. 45(d)(3)(iv).  The subpoena does not specify with any precision the date and time of Mr. Pott's anticipated testimony.  It instead requires that he leave work and home and appear at the Philadelphia courthouse at 9:00 a.m. beginning October 6, 2014, and "return every day thereafter" during the anticipated six-week trial until he "is dismissed." Ex. 1. It is obvious that such an overbroad subpoena unduly burdens the witness.  That undue burden is particularly exacerbated in these circumstances, in which the witness is a senior executive with significant responsibilities and the subpoena calls for compliance at a remote location.  Indeed, it is unfair not only to Mr. Pott, but to AstraZeneca as well, to expect the Company's global General Counsel to drop his work for such an extended period of time and sit in the Philadelphia courthouse because Plaintiffs failed to depose him when they had the opportunity.

## CONCLUSION

For these reasons, Jeffrey Pott requests that the Court quash the subpoena requiring him to appear and testify via remote video transmission.

Dated: September 17, 2014

Respectfully submitted,

/s/ Michael P. Kelly
_____

MCCARTER & ENGLISH, LLP
Michael P. Kelly
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Ph: 302-984-6301
Fax: 302-984-2493
mkelly@mccarter.com

8

Joshua Roberts
BNY Mellon Center, Suite 700
1735 Market Street
Philadelphia, PA 19103

WILLIAMS & CONNOLLY LLP
Dane H. Butswinkas (Of Counsel)
John E. Schmidtlein (Of Counsel)
Paul B. Gaffney (Of Counsel)
725 Twelfth Street, N.W.
Washington, DC 20005
Ph: 202-434-5000
Fax: 202-434-5029
DButswinkas@wc.com
JSchmidtlein@wc.com
PGaffney@wc.com

*Counsel for Jeffrey A. Pott, AstraZeneca LP,
AstraZeneca AB, and Aktiebolaget Hässle*

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| |
|---|
| *In re: Nexium (Esomeprazole Magnesium) Antitrust Litigation* |
| MDL No. 2409 pending in Massachusetts |
| Civil Action No. 1:12-md-02409-WGY (D. Mass.) |

Miscellaneous Action No.

**DECLARATION OF BENJAMIN M. GREENBLUM IN SUPPORT OF MOTION OF JEFFREY A. POTT TO QUASH SUBPOENA TO APPEAR AND TESTIFY AT TRIAL**

BENJAMIN M. GREENBLUM, pursuant to 28 U.S.C. § 1746, declares as follows:

1.  I am an associate at Williams & Connolly LLP.  I make this declaration in support of the motion of Jeffrey A. Pott to quash a subpoena served on him in connection with *In re: Nexium (Esomeprazole Magnesium) Antitrust Litigation*, MDL No. 2409, pending in the U.S. District Court for the District of Massachusetts (No. 1:12-md-02409-WGY) ("the Nexium MDL").

2.  Attached as Exhibit 1 is a true and correct copy of the Subpoena to Jeffrey A. Pott.

3.  Attached as Exhibit 2 is a true and correct copy of the Clerk's Notes and Order [ECF No. 966] entered on July 17, 2014 in the Nexium MDL.

4.  Attached as Exhibit 3 is a true and correct copy of excerpts of the transcript of the July 11, 2014 hearing in the Nexium MDL.

5.  Attached as Exhibit 4 is a true and correct copy of excerpts of the Rule 26(a)(1) Initial Disclosures of the AstraZeneca Defendants [ECF No. 340] in the Nexium MDL.

6.  I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 17, 2014.
Washington, D.C.

By: _____
/Benjamin M. Greenblum

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re: Nexium (Esomeprazole Magnesium) Antitrust Litigation*<br><br>MDL No. 2409 pending in Massachusetts<br><br>Civil Action No. 1:12-md-02409-WGY (D. Mass.) | Miscellaneous Action No. |

## [PROPOSED] ORDER

AND NOW, this _____ day of _____ , 2014, upon consideration of the Motion of Jeffrey A. Pott to Quash Subpoena to Appear and Testify at Trial, and any response and/or reply thereto,

IT IS HEREBY ORDERED that said Motion is GRANTED.

_____ , J.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion of Jeffrey A. Pott to Quash

Subpoena to Appear and Testify at Trial, accompanied by a memorandum of law, declaration

with exhibits in support thereof, and proposed order, was sent via U.S. First Class Mail, postage

prepaid on September 17, 2014, to the following:

> Thomas M. Sobol
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 55 Cambridge Parkway, Suite 301
> Cambridge, MA 02142

> /s/ Michael P. Kelly
> Michael P. Kelly

# Exhibit 1

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | |
|---|---|
| In re Nexium (Esomeprazole) Antitrust Litigation | )<br>)<br>)   Civil Action No. 12-md-02409-WGY<br>)<br>) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   Jeffrey A. Pott
        19 Jonathan Morris Circle, Media, PA 19063-1069

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave. **See Attachment A for further information.**

| | |
|---|---|
| Place: James A. Byrne U.S. Courthouse<br>601 Market Street<br>Philadelphia, PA 19106-1797 | Courtroom No.: To be determined<br>Date and Time: Beginning October 6, 2014 at<br>9:00 a.m. and every day thereafter until dismissed |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable):*

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _August 13, 2014_

| | | | |
|---|---|---|---|
| _____<br>*CLERK OF COURT* | | OR | _____ |
| _____<br>*Signature of Clerk or Deputy Clerk* | | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_the Direct Purchaser Class Plaintiffs_____ , who issues or requests this subpoena, are:

Thomas M. Sobol, Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301, Cambridge, MA 02142   tom@hbsslaw.com   (617) 482-3000

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 12-md-02409-WGY

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

      Your testimony at the location listed on the subpoena will be given via contemporaneous audio/video transmission to the courtroom in Boston, Massachusetts at which trial in this matter will be taking place. If, in lieu of testifying via audio/video transmission, you will agree to appear voluntarily in the Federal District Court for the District of Massachusetts, where this action is pending, in Boston, Massachusetts to testify, you or your counsel (if you have counsel representing you with respect to this matter) should contact Mr. Sobol.

**Washington Trust Bank**

*Cashier's Check*

2427293

Date: 8/12/14

Branch: 0085

REMITTER   NEXIUM LITIGATION SUPPORT

**PAY**
**TO THE**
**ORDER OF** JEFFREY A. POTT

EXACTLY **68 AND 23/100 DOLLARS

$68.23

AUTHORIZED SIGNATURE

⑈000 24 27 2293⑈ ⑊1 25⑊0008 49⑈ 100 233 100 4⑈

# Exhibit 2

**United States District Court**
**District of Massachusetts (Boston)**
**CIVIL DOCKET FOR CASE #: 1:12-md-02409-WGY**

In Re: Nexium (Esomeprazole) Antitrust Litigation                    Date Filed: 12/07/2012
Assigned to: Judge William G. Young                                  Jury Demand: Both
Case in other court: USCA, 14-01521                                  Nature of Suit: 410 Anti-Trust
                     USCA, 14-01522                                  Jurisdiction: Federal Question
Cause: 15:1 Antitrust Litigation

| Date Filed | # | Docket Text |
|---|---|---|
| 07/11/2014 | 966 | ELECTRONIC Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 7/11/2014 re 921 MOTION *to Preclude Plaintiffs from Untimely Disclosing a New Reasonable Royalty Expert* filed by TEVA USA, INC., Teva Pharmaceutical Industries, Ltd., 593 MOTION *(Direct Purchaser and End Payor Class Plaintiffs Motion to Exclude Certain Portions of the Expert Testimony of Gregory K Bell)* filed by Rochester Drug Co-Operative, Inc., Meijer Distribution, Inc., Value Drug Company, Burlington Drug Company Inc., Meijer, Inc., American Sales Company, LLC, 917 Cross MOTION in Limine - *Plaintiffs' (Direct Purchaser and End-Payor Classes and Retailer Plaintiffs) Cross-Motion In Limine to Preclude Defendants' Selective Introduction of Evidence on Topics for Which They Purport to Invoke the Attorne filed by Direct Purchaser Plaintiffs,* 830 MOTION - *Direct Purchaser Class and End-Payor Class Plaintiffs' Motion for Live Trial Testimony Via Contemporaneous Transmission - filed by Rochester Drug Co-Operative, Inc., Meijer Distribution, Inc., Value Drug Company, Burlington Drug Company Inc., Meijer, Inc., American Sales Company, LLC,* 844 MOTION in Limine *To Preclude Argument or Evidence Based Upon Defendants' Invocation of Attorney-Client Privilege filed by AstraZeneca LP, Dr. Reddy's Laboratories, Inc., Dr. Reddy's Laboratories Ltd., Ranbaxy Laboratories, LTD, Ranbaxy Inc., Aktiebolaget Hassle, Teva Pharmaceutical Industries, Ltd., TEVA USA, INC., Ranbaxy Pharmaceuticals, Inc., RANBAXY LABORATORIES, LTD., Astrazeneca AB. After hearing from counsel the Court enters an Order denying* 593 *Motion (Direct Purchaser and End Payor Class Plaintiffs Motion to Exclude Certain Portions of the Expert Testimony of Gregory K Bell); granting* 830 *Motion Direct Purchaser Class and End-Payor Class Plaintiffs' Motion for Live Trial Testimony Via Contemporaneous Transmission; see transcript as to* 844 *Motion in Limine To Preclude Argument or Evidence Based Upon Defendants' Invocation of Attorney-Client Privilege; see transcript as to* 917 *Motion in Limine Plaintiffs' (Direct Purchaser and End-Payor Classes and Retailer Plaintiffs) Cross-Motion In Limine to Preclude Defendants' Selective Introduction of Evidence on Topics for Which They Purport to Invoke the Attorney; denying* 921 *Motion to Preclude Plaintiffs from Untimely Disclosing a New Reasonable Royalty Expert, however, only one (1) expert per discipline will be allowed. Plaintiff shall disclose which expert on or before Monday, July 14, 2014. A hearing will be held in September regarding the charge and verdict slip. Trial scheduled for October 2014. (Court Reporter: Richard Romanow at bulldog@richromanow.com.)(Attorneys present: various) (Gaudet, Jennifer) (Entered: 07/17/2014)* |

# Exhibit 3

1              UNITED STATES DISTRICT COURT

2              DISTRICT OF MASSACHUSETTS

3                          No. 12-md-02409-WGY

4

5

6   In Re:  NEXIUM (ESOMEPRAZOLE)
    ANTITRUST LITIGATION
7

8

9

10                    * * * * * * * * *

11

12              For Hearing Before:
                Judge William G. Young
13

14              Motion Hearing

15

16              United States District Court
                District of Massachusetts (Boston)
17              One Courthouse Way
                Boston, Massachusetts 02210
18              Friday, July 11, 2014

19
                      * * * * * * * *
20

21
                REPORTER: RICHARD H. ROMANOW, RPR
22                  Official Court Reporter
                  United States District Court
23      One Courthouse Way, Room 5510, Boston, MA 02210
                  bulldog@richromanow.com
24

25

2

```
 1                    A P P E A R A N C E S

 2

 3    THOMAS M. SOBOL, ESQ.
         Hagens Berman Sobol Shapiro, LLP
 4       55 Cambridge Parkway, Suite 301
         Cambridge, MA 02142
 5       Email: Tom@hbsslaw.com
      and
 6    JOHN D. RADICE, ESQ.
         Radice Law Firm, P.C.
 7       34 Sunset Boulevard
         Long Beach, NJ 08008
 8       Email: Jradice@radicelawfirm.com
      and
 9    BRUCE E. GERSTEIN, ESQ.
         Garwin Gerstein & Fisher, LLP
10       88 Pine Street, 14th Floor
         New York, NY 10005
11       Email: Bgerstein@garwingerstein.com
         For plaintiffs
12

13    LAURENCE A. SCHOEN, ESQ.
         Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
14       One Financial Center.
         Boston, MA 02111
15       Email: Laschoen@mintz.com
         For Teva defendants
16

17    JOHN E. SCHMIDTLEIN, ESQ.
      PAUL B. GAFFNEY, ESQ.
18       Williams & Connolly, LLP
         725 Twelfth Street, N.W.
19       Washington, DC 20005
         Email: Jschmidtlein@wc.com
20       For AstraZenca defendants

21

22    KEVIN D. McDONALD, ESQ.
         Jones Day
         51 Louisiana Avenue, N.W.
23       Washington, DC 20001
         Kdmcdonald@jonesday.com
24       For the Dr. Reddy's defendants

25
```

P R O C E E D I N G S

(Begins, 2:00 p.m.)

THE COURT:  Well, good afternoon and welcome.
I understand why these particular motions in limine are
ones that you very much would like the Court's decision
on.  I have prepared for this hearing and I have read
all your extensive materials.  In the main I am reminded
why it is wise not to give oral hearings on motions in
limine, most yield to analysis on the papers, and in
large measure it's a waste of time.

In two aspects -- in one aspect I genuinely would
be aided by an oral hearing and I look forward to it and
those are the motions that are directed to the effect or
role that the exercise of the attorney-client privilege
has played here and that I look forward to your oral
argument.  The other one that I'd like to hear a little
argument on is Teva's motion to preclude the plaintiffs
from untimely disclosing a new reasonable royalty
expert, and that's where we're going to start.  The
others I'll decide today, but I don't need oral argument
on them.  And let's start with the -- the arguments are
not going to exceed 10 minutes on a motion here, but
let's start with that one, Teva's motion to preclude the
plaintiff from untimely disclosing a new reasonable
royalty expert, Docket Number 921.

1      (Laughter.)

2           MR. SCHOEN:  My heart is broken, your Honor.

3           THE COURT:  That played out a little

4      differently than I thought.  But I'm fine with it.

5      Then what I'm going to do is rule on all these

6      motions and then allow you to ask questions.

7           The plaintiffs' motion to exclude the expert

8      testimony of Gregory Bell, that's denied.  Of course

9      challenges, particular challenges may be made at trial.

10     But it's denied.

11          The plaintiffs' -- um, let's see.  I dealt with

12     Docket Number 917.  That's the plaintiffs' motion to

13     preclude the introduction of evidence on topics as to

14     which the attorney-client privilege was asserted.

15          Plaintiffs' motion for live trial testimony via

16     contemporaneous transmission, Docket Number 830, I'm

17     fine with that and the burden is entirely on the

18     plaintiffs.  Don't think I'm going to bat in some other

19     court and our video hookups go court to court.  The

20     burden is entirely on you.  But if I can get the visage

21     of the person on the screen in this courtroom and

22     examination can go on, then I'm fine with that.  But

23     it's your burden.  As to this court's facilities and

24     ability to do video conferencing, we will cooperate

25     fully.

1    Defendants' motion to preclude argument or

2 evidence based upon the attorney-client privilege, 844,

3 I've dealt with that.

4    To preclude -- on the one Mr. Schoen argued, 921,

5 to preclude the untimely disclosing of the new

6 reasonable royalty expert, that's denied, but it's going

7 to be one expert per discipline.  And if we're going to

8 have a *Georgia Pacific* analysis, we'll hear it from one

9 person.

10    MR. SCHOEN:  Your Honor, if I might ask if an

11 order be entered requiring them to clarify immediately

12 which of those experts it's going to be, um, so that we

13 can prepare for trial, given that we should have done,

14 as of August, which experts they're going to be using?

15    THE COURT:  I think that's not unfair.

16    Who's going to testify?

17    MR. SOBOL:  Monday, your Honor?  Tom Sobol.

18    THE COURT:  That's all right.  Monday they'll

19 tell you.

20    MR. SCHOEN:  The other thing, your Honor, is

21 also a request that they be required -- if it is

22 Dr. McCool, who we didn't have a chance to depose

23 previously, that they be ordered to produce him for

24 deposition in Boston before the end of July and provide

25 at least three dates when that could occur.

1        (Laughter.)

2        -- and he stood up and he said this, "What is the

3   verdict slip going to look like?"  And indeed that so

4   concentrated the minds of the lawyers on the essentials

5   that I -- I think it's an excellent suggestion.  I

6   encourage you to do it, but I do not order it.  I will

7   find time in September to discuss it and suggest to you

8   that a -- I think it will make more sense to you once

9   you see my opinion.  So I hope -- not that I'm cutting

10  any new ground, but you wrestle with these cases and

11  their applications to the summary judgment record, I

12  think it will be helpful to you where I think things are

13  falling short, and in the case of causation as to

14  Ranbaxy, why I did what I did.

15       So I encourage that and I will make time in

16  September, apart from the final pretrial conference, to

17  discuss those matters.  Thank you.

18       Other questions?

19       MR. McDONALD:  Your Honor, Kevin McDonald

20  representing the Dr. Reddy's defendants.  I had a

21  question about the motion on the video testimony --

22       THE COURT:  Yes.

23       MR. McDONALD:  -- and your ruling.  Just to

24  clarify, um, I understood you to be saying that you'll

25  be happy to have this courthouse hook up anything that

1   the plaintiffs hook them up with.

2          THE COURT:  Or the defense, I mean.

3          MR. McDONALD:  Exactly.  But I wanted to

4   clarify because we don't have control over some of the

5   witnesses that they may want to pursue and if those

6   witnesses don't want to cooperate with the plaintiffs in

7   appearing for this, my own concern is that they will say

8   to a judge somewhere else in the country, "No, Judge

9   Young has ordered that this happen."  And so I wanted to

10   make sure that you're just saying that, as far as you're

11   concerned, if it does happen, that's fine.

12          THE COURT:  I've said what I've said.  I don't

13   think it needs clarification.  It's the parties's

14   responsibility.  That's as much clarification.

15          MR. McDONALD:  Thank you.

16          THE COURT:  I have in mind very much your

17   motion for reconsideration.  In this draft, yet draft

18   opinion, we've dealt with that directly.  Don't think we

19   just brushed that off.  I've denied it, but I've dealt

20   with it.  You are somewhat differently situated and I'll

21   get it to you just as soon as I can.

22          MR. GAFFNEY:  Your Honor, Paul Gaffney for

23   AstraZeneca.

24       With respect to the contemporaneous transmission

25   motion, there was a proposed protocol attached to their

1    motion which -- I think given your Honor's ruling, that

2    it's fine with me, but they'll work it out.  I think

3    maybe we need to revisit the mechanics of that.  There

4    was no discussion about that ahead of time.

5         There is one issue though that was raised in the

6    briefing, which is their request that if they do put on

7    a witness by video transmission who's a former or

8    current employee, they ask that that person -- that the

9    defendants themselves be precluded from calling that

10   witness live in their case.

11        THE COURT:  No, well, I would not be disposed

12   to do that.

13        MR. GAFFNEY:  Thank you.

14        THE COURT:  Again, the reason I answer that

15   without argument is I found that it's a good idea always

16   to follow the same routine because all the lawyers can

17   play off the same routine and mine is easily

18   discoverable.  Changes from the same routine aren't

19   necessary in many cases, but the burden is on the one

20   who wants to change it.  My routine would always be to

21   allow such a witness to be called and it is in this

22   case, absent some special reason.

23        All right.  I do thank you.  I appreciate this.  I

24   would like to meet with you actually on the charge and

25   verdict slip.  I wish you a good summer.  I am working

1    on the, um -- I am working on the opinion.  But come to

2    the sidebar before I let you go.

3                    (Sidebar off the record.)

4                    THE COURT:  We'll recess.

5                    (Ends, 2:45 p.m.)

6

7                  C E R T I F I C A T E

8

9         I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,

10   do hereby certify that the foregoing record is a true

11   and accurate transcription of my stenographic notes

12   before Judge William G. Young, on Friday, July 11, 2014,

13   to the best of my skill and ability.

14

15

16   /s/ Richard H. Romanow 07-25-14
     _____
17   RICHARD H. ROMANOW    Date

18

19

20

21

22

23

24

25

# Exhibit 4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| *In re: Nexium (Esomeprazole Magnesium) Antitrust Litigation*<br><br>This Document Relates to All Actions | MDL No. 2409<br><br>Civil Action No. 1:12-md-02409-WGY |

## RULE 26(a)(1) INITIAL DISCLOSURES OF
## ASTRAZENECA DEFENDANTS

Defendant AstraZeneca LP, AstraZeneca AB and Aktiebolaget Hassle (collectively, "AstraZeneca"), by its attorneys, hereby provides the following initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Case Management Order, dated February 4, 2013 (Dkt No. 115) ("CMO"). These disclosures are based upon information reasonably available to AstraZeneca at this time. By making these disclosures, AstraZeneca does not represent that it is identifying every document, tangible thing, or witness potentially relevant to these lawsuits. AstraZeneca reserves the right to supplement and/or amend these disclosures as further information becomes available.

These disclosures represent a good-faith effort to identify discoverable information that AstraZeneca reasonably believes may be used to support its defenses, as required by Fed. R. Civ. P. 26(a)(l). These disclosures do not include information that may be used solely for impeachment purposes These disclosures are made without waiving: (i) any claim or defense as to the sufficiency of the Complaint; (ii) any claim of privilege or work product; (iii) the right to object on the grounds of competency, relevancy, materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part,

in any subsequent proceeding in this action or any other action; or (iv) the right to object on any and all grounds, at any time, to any discovery request or proceeding involving or concerning the subject matter of these disclosures.

All of the disclosures set forth below are made subject to the above objections and qualifications. Further, AstraZeneca reserves all rights to present at trial additional witnesses and evidence not presently identified or encompassed by these disclosures, and to present any rebuttal or impeachment evidence it deems appropriate. Nothing in this initial disclosure of documents, witnesses, or other information shall constitute an admission or concession on the part of AstraZeneca with respect to any issues of fact or law, including, but not limited to, the relevance of any of the information set forth herein.

### A.  Individuals Likely to Have Discoverable Information

Based on information reasonably available to AstraZeneca at this time, and with the caveat that this matter is in its earliest stages, the following current or former AstraZeneca employees and outside counsel with substantial responsibility for the subject matter indicated are likely to have discoverable information that AstraZeneca may use to support its defenses in this litigation, not including information used solely for impeachment. As discovery proceeds, AstraZeneca may determine that other individuals, including individuals not employed by AstraZeneca, have relevant information that it may use to support its defenses, and AstraZeneca reserves the right to supplement these disclosures under Rule 26(e) of the Federal Rules of Civil Procedure.

A brief identification of the subjects on which each listed individual may have discoverable information is also provided. Pursuant to the CMO, AstraZeneca has attempted in

good faith to meet the substance of the non-objectionable information requested in the withdrawn Interrogatory Nos. 1-5, dated December 10, 2012, regarding the knowledge of persons identified below. The general subject matter of information listed for each individual does not in any way limit AstraZeneca's right to question or call any individual listed to testify regarding any other subject. AstraZeneca reserves the right to retain one or more experts in this matter and will disclose the identities of its experts, if any, in accordance with the schedule ordered by the Court.

| Individual | Affiliation | General Subject Matter |
| --- | --- | --- |
| Sese Abhulimen | Former AstraZeneca employee | Sales forecasting of Nexium in the United States. |
| Richard Barker | Current AstraZeneca employee | Negotiation, evaluation or authorization of the agreements between AstraZeneca and Ranbaxy |
| Charles Bodner | Former AstraZeneca employee | Sales forecasting of Nexium in the United States. |
| Terri Bowman | Current AstraZeneca employee | Negotiation, evaluation or authorization of the agreements between AstraZeneca and Ranbaxy and AstraZeneca and Teva.<br><br>AstraZeneca's Communications with the Federal Trade Commission concerning Nexium. |
| David Brennan | Former AstraZeneca employee | Negotiation, evaluation or authorization of the agreements between AstraZeneca and Ranbaxy. |

3

| Individual | Affiliation | General Subject Matter |
|---|---|---|
| Matt Diggons | Current AstraZeneca employee | Sales forecasting of Nexium in the United States. |
| Ed Dixon | Covington & Burling LLP | Negotiation, evaluation or authorization of the agreements between AstraZeneca and Ranbaxy |
| Glenn Engelmann | Former AstraZeneca employee | Negotiation, evaluation or authorization of the settlement agreements between AstraZeneca and Ranbaxy. |
| Rich Fante | Current AstraZeneca employee | Marketing of Nexium in the United States. |
| Judy Firor | Current AstraZeneca employee | AstraZeneca's communications with the Food and Drug Administration concerning Nexium. |
| Steve Fishwick | Current AstraZeneca employee | Negotiation, evaluation or authorization of the agreements between AstraZeneca and Ranbaxy. |
| Lakshmi Gengler | Former AstraZeneca employee | Sales forecasting of Nexium in the United States. |
| Kenneth Graham | Current AstraZeneca employee | Marketing of Nexium in the United States. |
| Matt Gray | Current AstraZeneca employee | Sales forecasting of Nexium in the United States. |

| Individual | Affiliation | General Subject Matter |
|---|---|---|
| Marcus Heifetz | Current AstraZeneca employee | Negotiation, evaluation or authorization of the agreements between AstraZeneca and Ranbaxy, AstraZeneca and Teva, and AstraZeneca and DRL. |
| Timothy Hester | Covington & Burling LLP | Negotiation, evaluation or authorization of the agreements between AstraZeneca and Ranbaxy, AstraZeneca and Teva, and AstraZeneca and DRL. |
| Pia Janson | Former AstraZeneca employee | Negotiation, evaluation or authorization of the agreements between AstraZeneca and Ranbaxy. |
| Derek Jones | Current AstraZeneca employee | Sales forecasting of Nexium in the United States. |
| Mariam Koohdary | Current AstraZeneca employee | Communications with the FTC. |
| George Kummeth | Current AstraZeneca employee | AstraZeneca's communications with the Food and Drug Administration concerning Nexium. |
| Evan Lippman | Current AstraZeneca employee | Marketing of Nexium in the United States. |
| John McCarthy | Current AstraZeneca employee | Marketing of Nexium in the United States. |
| Marion McCourt | Current AstraZeneca employee | Marketing of Nexium in the United States. |
| Therese Meaney | Current AstraZeneca employee | Sales forecasting of Nexium in the United States. |

| Individual | Affiliation | General Subject Matter |
|---|---|---|
| Luke Mette | Current AstraZeneca employee | Communications with the FTC. |
| Will Mongan | Current AstraZeneca employee | Marketing of Nexium in the United States. |
| Linda Palczuk | Current AstraZeneca employee | Marketing of Nexium in the United States. |
| Jeffrey Pott | Current AstraZeneca employee | Negotiation, evaluation or authorization of the agreements between AstraZeneca and Ranbaxy, AstraZeneca and Teva, and AstraZeneca and DRL. |
| Gary Rowles | Current AstraZeneca employee | Sales forecasting of Nexium in the United States. |
| Peter Safir | Covington & Burling LLP | Negotiation, evaluation or authorization of the agreements between AstraZeneca and Ranbaxy |
| Thomas Stevens | Former AstraZeneca employee | Negotiation, evaluation or authorization of the agreements between AstraZeneca and DRL. |
| David Snow | Current AstraZeneca employee | Marketing of Nexium in the United States. |
| Judy Yun | Current AstraZeneca employee | Negotiation, evaluation or authorization of the agreements between AstraZeneca and DRL. |

AstraZeneca does not consent to communication by Plaintiffs, or their counsel,

with AstraZeneca or its employees/agents or former employees/agents as to matters within the

Dated:  February 15, 2013

Respectfully submitted,

By:
    <u>/s/ Jonathan Gimblett</u>
    Timothy C. Hester (*pro hac vice*)
    Jonathan Gimblett (*pro hac vice*)
    Andrew D. Lazerow (*pro hac vice*)
    COVINGTON & BURLING LLP
    1201 Pennsylvania Avenue, NW
    Washington, DC 20004
    (202) 662-6000 (telephone)
    (202) 662-6291 (facsimile)
    thester@cov.com
    jgimblett@cov.com
    alazerow@cov.com

    William A. Zucker, Esq., BBO # 541240
    MCCARTER & ENGLISH, LLP
    265 Franklin Street
    Boston, MA 02110
    617.449.6500
    617.607.9200 (facsimile)
    wzucker@mccarter.com

    *Counsel for AstraZeneca LP, AstraZeneca AB, and Aktiebolaget Hassle*

9