IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: NEXIUM (ESOMEPRAZOLE MAGNESIUM) ANTITRUST LITIGATION<br><br>MDL No. 12-2409 (D. Mass) pending | :<br>:<br>:<br>:   Misc. No: 14-225<br>:<br>: |

## ORDER

Plaintiffs have subpoenaed six AstraZeneca employees to testify via videoconference at this MDL action's trial, which is scheduled to begin on October 20, 2014 in the District of Massachusetts. (Doc. Nos. 1-6, Exs. 1.) The proposed examinations would take place in my Courtroom in the James A. Byrne Federal Courthouse in Philadelphia. AstraZeneca has moved to quash the subpoenas, arguing that Plaintiffs have not shown "good cause in compelling circumstances." Fed. R. Civ. P. 43(a) ("For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.").

I will grant Movant's motions with respect to those employees whose video depositions have already been taken: Richard Barker, Terri Bowman, Matthew Diggons, Linda Palczuk, and Gary Rowles, Jr. Plaintiffs have not met their Rule 43(a) burden or shown why introduction of the videotaped depositions is not sufficient. See Union Pac. R. Co. v. Beemac Trucking, LLC, No. 11-8, 2013 WL 6795031, at *1 (D. Neb. Dec. 20, 2013) (rejecting plaintiff's Rule 43(a) request for remote testimony because "[video] deposition testimony is sufficient for trial"); Fed. R. Civ. P. 43(a) (1996 advisory committee note) ("Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the

reach of a trial subpoena . . . ."); Fed. R. Civ. P. 32(a)(4) (a party may use at trial the deposition of a witness who is outside the subpoena power of the trial court).

Plaintiffs have met their Rule 43(a) burden with respect to Jeffrey Pott, who has not been deposed. Plaintiffs' proposed areas of inquiry of Mr. Pott appear to go to central issues in this case. Accordingly, I will deny Movant's motion to quash with respect to Mr. Pott.

If the Parties agree, they may take the trial deposition of Mr. Pott before trial begins, in lieu of presenting his remote testimony from the Philadelphia Courthouse.

**AND NOW**, this 3rd day of October, 2014, upon consideration of Movant's Motions to Quash (Doc. Nos. 1-6), Plaintiff's Omnibus Response (Doc. No. 13), and all related filings, it is hereby **ORDERED** that:

1. Movant's Motion to Quash (Doc. No. 1) is **DENIED**; and
2. Movant's Motions to Quash (Doc. Nos. 2, 3, 4, 5, and 6) are **GRANTED**.

                                                       **AND IT IS SO ORDERED.**

                                                       */s/ Paul S. Diamond*
                                                       _____
                                                       Paul S. Diamond, J.